IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATALIE DeALCANTARA on behalf of minors A.L, S.S., and E.S., <br><br> Plaintiff, <br><br> vs. <br><br> REID SHIGEMURA, <br><br> Defendant. | Civ. No. 16-00586 JMS-KSC <br><br> ORDER: (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

**ORDER: (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

## I. INTRODUCTION

On October 31, 2016, pro se Plaintiff Natalie DeAlcantara on behalf of minors A.L., S.S., and E.S. ("Plaintiff") filed a Complaint against Defendant Reid Shigemura ("Defendant"), ECF No. 1; a request to proceed in forma pauperis ("IFP Application"), ECF No. 2; and a Motion for Temporary Restraining Order ("TRO"), ECF No. 3.

For the reasons discussed below, the court (1) GRANTS Plaintiff's IFP Application; (2) DISMISSES the Complaint for lack of subject matter jurisdiction, with leave to amend; and (3) DENIES Plaintiff's Motion for TRO.

## II. <u>BACKGROUND</u>

### A.    Plaintiff's IFP Application Is Granted

Plaintiff's IFP Application indicates that in the past year she received $753 in social security benefits per month, and currently has no other income, savings or assets aside from a vehicle worth about $2,000.  IFP Appl. at 1-2.  It further states that Plaintiff has a negative balance in a checking or savings account. *Id*. at 2.  Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed in forma pauperis (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's IFP Application.

### B.    Plaintiff's Complaint

Without setting forth all of the details alleged in the Complaint, Plaintiff essentially alleges that Defendant has committed sexual assaults and/or sexual abuse against the minor children named in the Complaint, and has violated a protective order or orders.  Although the allegations are not clear, it appears Defendant has been awarded custody or periods of custody of the minors by a Hawaii Family Court in conjunction with Child Protective Services.  Compl. at 5-

6; Mot. for TRO at 2.  The Complaint seeks the return of the minors to Plaintiff, and ceasing of Defendant's custody of the minors.  Compl. at 6.  The Motion for TRO requests that "the minors listed be returned to the safety of [Plaintiff's] care and home immediately so [Plaintiff] can [guarantee] safety, physical medical care if necessary and psychological care by a professional[.]"  Motion for TRO at 3.  It further seeks "[n]o contact, physical abuse, emotional abuse or threats of such by [Defendant] to the three minor children listed." *Id.*

Plaintiff alleges that Defendant has violated the following federal criminal statutes:  10 U.S.C. § 920 ("Rape and sexual assault generally" under the Uniform Code of Military Justice); 18 U.S.C. § 2241 ("Aggravated sexual abuse"); 18 U.S.C. § 2242 ("Sexual abuse"); *id.* § 2243 ("Sexual abuse of a minor or ward"); *id.* § 2261 ("Interstate domestic violence"); and *id.* § 2262 ("Interstate violation of protection order").  Compl. at 4; Motion for TRO at 1.  She asserts violations of these statutes as the basis of federal jurisdiction under 28 U.S.C. § 1331.  She does not allege diversity of citizenship under 28 U.S.C. § 1332.

**C.     Standards of Review**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings, to mandatory screening.  The court must order the dismissal of any claims it finds "(i) is frivolous or malicious,

3

(ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).   Claims may also be dismissed sua sponte where the Court does not have federal subject matter jurisdiction. *See, e.g.*, *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

4

# III. <u>DISCUSSION</u>

**A.    The Complaint Fails to State a Claim and the Court Lacks Subject Matter Jurisdiction**

Plaintiff alleges only violations of federal criminal statutes.  But "a federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." *Sulla v. Horowitz*, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012).  "Nor do criminal statutes generally provide a private cause of action or a basis for civil liability." *Shaw v. Louie*, 2013 WL 6624153, at *3 (D. Haw. Dec. 17, 2013). *See, e.g.*, *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (stating, for example, that 18 U.S.C. §§ 241 & 242 provide no private right of action and cannot form the basis for a civil suit); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the violation of a federal criminal statute does not provide for a private cause of action).  As reiterated in *Tomel v. Ross*, 2009 WL 3824742 (D. Haw. Nov. 16, 2009), "the violation of a federal criminal statute rarely provides for a private cause of action.  To imply a private right of action, there must be a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Id.* at *3 (citing *Chrysler Corp. v. Brown,* 441 U.S. 281, 316 (1979)) (internal quotation marks and other citation omitted).  There has been no showing of such an implied cause of action.  More specifically, "[t]here is no indication that Congress intended to create a private

5

cause of action under 18 U.S.C. § 2262(a)(1)." *Hopson v. Commonwealth Attorney's Office*, 2013 WL 1411234, at *4 (W.D. Ky. Apr. 8, 2013).

In short, the Complaint -- based solely on federal question jurisdiction under 28 U.S.C. § 1331 -- plainly lacks a basis for federal subject matter jurisdiction. *See, e.g.*, *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) ("[28 U.S.C. § 1331] is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court." (citations omitted)). Accordingly, the Complaint is DISMISSED. The claims pleaded in the Complaint, which are all based on violations of federal criminal statutes, are DISMISSED with prejudice. Nevertheless, as explained below, Plaintiff is given leave to file an Amended Complaint to attempt to state a valid federal cause of action.

Because the Complaint lacks subject matter jurisdiction, Plaintiff's Motion for TRO is also DENIED. Plaintiff necessarily cannot make the required showing of a likelihood of success on the merits. *See, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining that, among other factors, a plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits); *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999) ("The standards for granting a temporary restraining order and a preliminary injunction are identical.").

6

**B.      Leave to Amend**

Plaintiff may file an Amended Complaint on or before November 22, 2016 that cures the deficiencies explained in this Order.  *See Lucas*, 66 F.3d at 248 ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ).  Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if she amends her pleading.

An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Because Plaintiff's claims for violations of criminal statutes (10 U.S.C. § 920 and 18 U.S.C. §§ 2241-43 & 2261-62) have been dismissed with prejudice, the dismissal is preserved for any future appeal, and these claims should not be reasserted in an Amended Complaint.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal.").  Plaintiff may attempt, however, to raise other claims if appropriate.

And if an Amended Complaint is not filed by November 22, 2016, the action will be closed.

## IV. CONCLUSION

(1) Plaintiff's IFP Application is GRANTED.

(2) Pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is DISMISSED for lack of subject matter jurisdiction.

(3) Plaintiff's Motion for Temporary Restraining Order is DENIED.

(4) Plaintiff is GRANTED leave to file an Amended Complaint that states a valid federal cause of action and basis for federal jurisdiction. An Amended Complaint must be filed by November 22, 2016. If an Amended Complaint is not timely filed, the court will instruct the Clerk to close the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 1, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*DeAlcantara v. Shigmura*, Civ. No. 16-00586 JMS-KSC, Order: (1) Granting Application To Proceed In District Court Without Prepaying Fees Or Costs; (2) Dismissing Complaint With Leave To Amend; And (3) Denying Motion For Temporary Restraining Order

8